Mr. Carpenter. May it please the court, Kenneth Carpenter appearing on behalf of John DeYoung. This case involves a question of the application of the presumption of soundness. This court in Morris recently held that the presumption of soundness does not apply to a personality disorder. In this case, the Board of Veterans' Appeals applied the presumption of soundness only to the personality disorder, which the VA examination indicated Mr. DEYOUNG. Mr. Carpenter, are you arguing that military service without anything else is sufficient evidence of a stressor to support a finding of PTSD? This is not a PTSD case, John. This is a delusional disorder and bipolar disorder, so there is no predicate stressor that is required, only symptoms of... The point, though, that he wasn't... I do not... Excuse me. You go ahead. I do not think he has PTSD. I'm reading from the... Yes. But he could have a psychiatric condition. From the VA examination, Your Honor? Yes. The condition that Mr. DeYoung relies upon is the condition diagnosed by Dr. Earle, his attending VA psychiatrist. Dr. Earle diagnosed him with personality disorder and specifically... Excuse me. Diagnosed him with a delusional disorder. So you're bagging the April 2000 claim for PTSD? Yes. The claim for post-traumatic stress disorder is not the claim that is at issue here. Obviously, there are several or multiple diagnoses of psychiatric disabilities that have been attributed to Mr. DeYoung's psychiatric problems. The psychiatric conditions at issue in this case are those of delusional disorder and bipolar disorder, and specifically whether or not Mr. DeYoung is entitled to the benefit of the presumption of soundness as it relates to those conditions. But the board expressly found, as a matter of evidence, that there was no evidence of a disorder during service. We can't review that. We have no jurisdiction to review facts, so I don't understand what we're doing here. That finding of fact was based upon the VA examination that said that he did not have... that he had a personality disorder. That finding of fact, however, Your Honor, does not go to the question of the entitlement to presumption of soundness. It certainly does. If there's no evidence of a disorder during service, that ends the inquiry. It's a separate element, unconnected to the presumption of soundness. If you cannot establish that delusion disorder is service-connected, the presumption of soundness is quite frankly irrelevant. With respect, Your Honor, there is evidence in this record from Dr. Carpenter. But we don't get to review the evidence, Mr. Carpenter. We have no jurisdiction to review the evidence, and that's what I understand your brief to be asking us to do. That is not what my brief asked this court to do. What my brief asked this court to do is determine whether or not the Veterans Court applied the correct legal standard when it applied the standard of probativeness as a precondition to the application of the presumption of soundness. The presumption of... the only condition, excuse me, the condition which there is evidence... But there's a fact-finding that says he didn't have it during service, which we can't review. So whether there's evidence in the record to support it or not is irrelevant, because we can't give you relief from that problem if it is a problem. I disagree, Your Honor. This court has jurisdiction to review the legal determinations made by the Veterans Court. The Veterans Court determined that Mr. DeYoung was not entitled to the benefit of the presumption of soundness unless he had probative evidence. That is not the correct legal standard. The correct legal standard for the entitlement to presumption of soundness is whether or not there was or was not a psychiatric condition noted at entrance to service. Mr. DeYoung's entrance examination to service indicates that there was no psychiatric disorder of any kind noted at the entrance to service. That is what triggers, under 38 U.S.C. Section 1111, the entitlement to the presumption of soundness. Is it a fact that Dr. Purnell noted that Mr. DeYoung reported a history of behavioral problems and suggested he began experiencing personality disorder or symptoms prior to his military service? Isn't that a fact? No, Your Honor. I do not believe that is a fact. That is a medical opinion offered by the VA examiner, which is contradicted by... Let me say this again. Dr. Purnell noted that Mr. DeYoung reported a history. That's not a fact? It's his opinion that it was a report of a history? That's what he reported and that's what the doctor concluded was the symptoms or manifestations of a personality disorder. And by he, you mean Mr. DeYoung, your client? Yes, what he reported. He is not a competent medical person to offer an opinion as to what the nature of his symptoms or manifestations were. He has a treating VA psychiatrist who says that those symptoms and manifestations were symptoms and manifestations of his delusional disorder, not of his personality disorder. What we have here, Your Honor, is a disconnect between a treating VA psychiatrist and a VA examiner. There isn't any question that the VA examiner came to a diametrically opposite conclusion about what Mr. DeYoung did or did not suffer from during service based upon that doctor's examination. His treating psychiatrist, however, comes to an opposite view. The question here is whether or not under the provisions of 38 U.S.C. Section 1111, Mr. DeYoung is entitled to the benefit of the presumption that he did not have delusional disorder when he entered service and that that disorder was aggravated during service. Based upon what the board did in this case, the board adjudicated the entitlement to the presumption of soundness based entirely upon whether he did or did not have a pre-existing personality disorder. This court's decision in Morris says that personality disorder is not subject to the presumption of soundness. Therefore, the only other competent evidence relative to what Mr. DeYoung suffered from during service is that from the VA treating psychiatrist, Dr. DeYoung's manifestations he has presently of delusional disorder were related to the symptoms or manifestations as reported by Mr. DeYoung to Dr. Earle. But this presumption only arises for delusional disorder if he is diagnosed as having it, right? No, Your Honor. A diagnosis is not required during service. All that is required in service is symptoms or manifestations of that condition. And the board found no evidence. That's kind of... Thank you. No, I'm really back where Judge Moore is, and that is how can we inquire as to the compounding or the engagement of a delusional disorder when it's found as a factual matter that he does not and did not have it? Because that is a determination that was made without affording him the benefit of the statutory presumption of soundness. The statutory presumption of soundness affords the veteran that benefit in the first instance, and Congress explicitly shifted the burden... How do we get around kind of the circular reasoning here? You're saying, well, he has the delusional disorder because he gets the presumption, but the veterans who have the authority to make these factual findings says he has no delusional disorder, therefore there is no presumption. You realize there's kind of a circular reasoning perhaps on both counts, but we have to honor the veterans. I understand that, Your Honor. But what the Board of Veterans' Appeals did in this case was to apply to the personality disorder. In light of this court's decision in Morris, that was an error of law. The benefit of the presumption of soundness is where the case begins. Is he or is he not entitled to the benefit of the presumption of soundness? Therefore, I believe that... I don't understand, Mr. Carpenter. How would the presumption of soundness help him in this case? As I understand it, the presumption of soundness is presuming you didn't have this condition when you entered service. Am I right? That's correct. But then the Board went on and said, and you also didn't have it at any point during your service. So you developed this condition after you left military service, and that is the reason we're not going to give you these benefits. So who cares if he had it on the day he came in, in particular your claim that he should have been presumed sound? The Board concluded he was presumed sound on the day he walked out of military service, too. So I don't understand. You're quibbling with whether or not they gave him credit for not having it when he started. They say he never had it at any point all throughout that process. So I guess I find your entire argument not to be relevant to the actual finding that the Board made. And so I'm confused about why you think whether he had it when he started or not has any impact on this case. Because this Court is not reviewing what the Board did. This Court is reviewing what the Veterans Court did. And what the Veterans Court did was to preclude Mr. de Young's argument below from asserting entitlement to the benefit of the presumption of soundness for his delusional disorder as diagnosed by his VA treater. And I'm suggesting, Your Honor, that it's simply not lawful and or reasonable for this Court to rely upon a finding of fact that is predicated upon the misapplication of the presumption of soundness. They applied the presumption of soundness to a personality disorder. I see that I'm into my rebuttal time. Thank you, Mr. Carpenter. We'll preserve that. Ms. Hogan. Good morning, Your Honors. May it please the Court. In Holton, this Court explained that the presumption of soundness does not relieve a Veteran of the burden of demonstrating that he suffered from a disease or an injury while in service. In this case, the Board made a factual finding not reviewable by this Court that Mr. de Young's present psychiatric condition did not originate in service. In fact, it originated many years after service and was not related in any way to his service. The presumption of soundness cannot help Mr. de Young fill the gap he needs to demonstrate the occurrence of an in-service disease or injury. As this Court has observed, the presumption in Dye, this Court observed that the presumption of soundness arises when there's a question as to whether the Veteran's in-service medical condition existed before service. In other words, it serves to protect the Veteran from a claim that the in-service injury or disease preexisted service. In this case, we have no in-service disease or condition and the presumption of soundness has no application. Mr. de Young appears to make essentially two arguments. First, that the Board and the Veteran's Court did not afford him the presumption of soundness and second, that to the extent it did, it erred by applying it to the personality disorder. I think the personality disorder is probably the easiest issue to dispose of because, in fact, the Veteran's Court correctly observed that it was error for the Board to address the personality disorder because it's not a compensable disease or injury pursuant to VA's regulations, but that it was a harmless error. On page 7 of the Veteran's Court's decision, it observes that it's a harmless error. So to the extent that Mr. de Young is now arguing that it was error, the Veteran's Court did specifically address that issue and found that it was harmless error and Mr. de Young has not come forth at this point to say why that was incorrect as a matter of law. But with respect to the presumption of soundness, again, the Board observed that Mr. de Young's service medical entrance exam had no evidence of any psychiatric condition prior to service, that his service medical records did not indicate any psychiatric condition or treatment during service. And so given those factual findings, to the extent that there is a presumption of soundness afforded in this situation, it was afforded to Mr. de Young by saying he was in sound condition when he began service, there was no observation of any psychiatric condition or treatment during service, and, in fact, the first psychiatric treatment he had was in 1991, which was several years after he left service. You know, Mr. de Young has also made some arguments regarding factual findings or disagreement with the conclusions reached by the Board, but again, of course, those are not reviewable by this Court under Section 7292. The Board concluded that Mr. de Young had a psychiatric condition that appears to currently be bipolar. It was not related in any way to service. It arose many years after service. He was given the presumption of soundness in that everybody agrees that he didn't have any treatment or any psychiatric problems during service, and his service medical entrance exam reflected that he had no problems upon entry into service. We have an assessment from Dr. Earle that he had a delusional disorder, and we have Drs. Parnell and McLeod going into more detail and finding something different. Do we have any authority to inquire as to who is right, Drs. Parnell and McLeod or Dr. Earle? No, this Court's jurisdiction doesn't permit it to reexamine the facts. That's the Board's role as fact finder to weigh conflicting evidence and to reach a conclusion about the facts, and the facts that it concluded were reviewable by the Veterans Court for clear error, but they're not reviewable by this Court. So this Court must assume, take the facts as the Board found them and determine whether there was any legal error. But as we've demonstrated in our briefs and as we've proposed here, there was no legal error in what the Veterans Court did here. If the Court has no further questions, we would respectfully request that the Court affirm the decision below. Thank you, Ms. Hogan. Mr. Carpenter, you have four and a half minutes. May it please the Court. Dr. Earle's evidence was found not to be probative by the Board in the first instance, and then affirmed by the Veterans Court on that basis. Dr. Earle's evidence was probative as it related to his claim for service-connected compensation for delusional disorder, also diagnosed as bipolar disorder in this record. Those are the two compensable conditions. The reliance by the Board and the application of the presumption of soundness as it relates to personality disorder precluded Mr. DeYoung from the benefit of the entitlement to the presumption of soundness. That probative evidence of Dr. Earle went directly to the only evidence of record as to what the symptoms and manifestations during service were and whether or not those symptoms and manifestations were or were not related to his current post-service disability. On that basis, this record supports an award of service-connected compensation. I'm not asking this Court to make that determination. I'm not asking this Court to decide who was right, the VA examiner or Dr. Earle. But it is an undisputed fact that the VA examinations only go to the question of personality disorder. They do not go to the question of whether or not Mr. Earle did or did not suffer the symptoms and manifestations of delusional disorder during service and whether they were or were not related to his current disability. On that basis, there was error committed below by the denial of the benefit of the presumption of soundness. Unless there's further questions. Thank you, Mr. Carpenter. And the Court thanks the Board of Counsel for allowing us to do our work here in Philadelphia. Our next case is Allergan.